LEWIS W. SHEPARD, APPELLEE, v. HENRY D. HAMAKER ET AL., APPELLANTS.

FILED JULY 11, 1930. No. 27279.

*James C. Quigley* and *Herman Aye,* for appellants.

*John A. McKenzie* and *W. C. Heelan, contra.*

Heard before ROSE, GOOD, THOMPSON and EBERLY, JJ.

THOMPSON, J.

In this action Lewis W. Shepard, appellee, a judgment creditor of the appellant Henry D. Hamaker, sought to have set aside certain deeds and mortgages of lands in Cherry county, and to have such lands subjected to the payment of his judgment. In addition to the above named Hamaker, Juanita G. Hamaker, his wife, and Stansbury L. McFarland were made parties defendant. Decree was rendered in Shepard's favor as to certain of the lands, to wit, the south half of section 23, township 30, range 26, in Cherry county, and denied to him as to the residue. Said Hamakers jointly interposed a motion for a new trial, which was overruled. To reverse that part of the judgment favorable to Shepard, the Hamakers jointly appeal.

It may be observed that the above named McFarland filed only a general denial for an answer, and prayed that he might go hence and recover his costs. Thereafter, and before the trial was had, he died, leaving as his sole and

only heir a son, the defendant and apparent appellant Fred McFarland, in whose name the action was revived, and thereafter he, the son, interposed an answer, omitting formal parts, as follows: "Specifically denies each and all of the allegations set out and plead in said petition." It will be seen that such answer is without a prayer for relief of any kind, and is virtually a denial of ever having had or held even a claimed interest in the lands here involved, notwithstanding the fact that the petition alleged that the record title appeared in the name of the father. Further, Fred McFarland did not testify at the trial, nor did he file a motion for a new trial, but he joined in the appeal bond, notice of appeal, and was designated in the præcipe in this court as an appellant. However, he has not filed a brief. Our rule 3 provides: "Whenever the brief of the party having the affirmative is not on file by brief day, the judgment will be affirmed or the proceedings dismissed, unless otherwise ordered on sufficient showing." No showing having been made, the judgment of the trial court as to appellant McFarland should be, and is, affirmed.

As to the Hamakers: Henry D. Hamaker will hereinafter be designated as "husband," and Juanita G. as "wife." Of the claimed errors which they rely on for reversal, it is presented that the judgment is not supported by the evidence, and is contrary to the weight thereof. In support of this contention we are asked to consider the holding in *Citizens State Bank of Wood River v. Porter,* 4 Neb. (Unof.) 73, wherein, in the third paragraph of the syllabus, the commissioners stated:

"Where land has been by a man and wife conveyed to a third party for a full expressed consideration, and by that third party to the wife for a slightly greater expressed consideration by a deed of a few days' later date, and it is alleged that both deeds were without consideration, but the allegation is denied, it cannot be presumed, in the absence of all proof on the subject, that the deeds were without consideration and made merely to put the title in the wife's name."

Even if we concede the law to be as above announced, it

is not applicable to the facts reflected by the record before us. Here the record does not show an "absence of all proof" as we must assume did the record in the above cited action. This record shows that the husband, at or about the same time as the transfers involved herein were made, and subsequent to the incurring of the indebtedness to Shepard and while suit thereon was pending in Douglas county, Nebraska, had conveyed certain of his other lands to his wife with intent to hinder, delay and defraud his creditors, and especially Shepard. Further, that after judgment was entered in Douglas county in favor of Shepard, he prosecuted a creditor's bill in the district court for Cherry county, as herein, to have such conveyances set aside as fraudulent and void, and the lands subjected to the payment of his judgment. That, after the issues were duly joined and trial had, decree was entered in favor of Shepard, as prayed, against both the husband and wife, and such decree is in full force and effect. In such a situation the rule is that evidence of fraudulent conveyances, made at or about the same time as the ones challenged, is admissible to prove the grantor's fraudulent intent in making such challenged transfers, thus tending to show a common purpose and thereby linking the respective fraudulent transfers by a common design. *Sutton v. Kelliher,* 115 Ia. 632; 27 C. J. 807; 12 R. C. L. 669, sec. 175. In order to bind the grantee, however, there must be evidence showing a participation in such common design on his part as well. Such evidence is herein apparent.

In support of our previous statement of what this record reflects, attention is directed to the pleadings. Both the husband and wife in their respective answers admit the rendition and entry of the original judgment in Douglas county, which forms the basis of this action. Further, the wife in her answer admits the third and fourth paragraphs of Shepard's petition. In these paragraphs it is alleged:

"3. Plaintiff further alleges that after the indebtedness to the plaintiff had been incurred and while suit thereon was pending in Douglas county, Nebraska, the said Henry D. Hamaker caused certain deeds to be filed conveying cer-

tain property of his in Cherry county to his wife, Juanita
G. Hamaker; that said conveyances were executed without
consideration and for the purpose of defrauding the cred-
itors of Henry D. Hamaker and particularly the plaintiff
herein.

"4. That, thereafter, plaintiff instituted an action in the
district court of Cherry county, Nebraska, to set aside said
fraudulent conveyances and subject the land therein de-
scribed to the payment of the plaintiff's judgment; that
said action appears in the records of the district court for
Cherry county, Nebraska, in Doc. ——, Page ——, or Case
No. 3945; that, thereafter, said cause came on for trial and
on the 26th day of May, 1924, the district court in and for
Cherry county, Nebraska, entered up its judgment and de-
cree finding that certain transfers as described in plain-
tiff's petition as made by the defendant Henry D. Hamaker
to his wife, the defendant Juanita G. Hamaker, were with-
out consideration and made by the defendant Henry D.
Hamaker to defraud the plaintiff; that said transfers were
in said judgment and decree set aside and said property
subjected to the lien of the plaintiff's judgment."

The husband admits the fourth paragraph of the peti-
tion, and in addition alleges that more has been paid on the
judgment than that shown by the petition.

Both the husband and wife urge an accounting, and a
determination by the court on final hearing of the balance
of such judgment remaining unpaid. This of itself is an ad-
mission of the existence of the basis of this action, to wit,
the original judgment, and calls for the introduction of any
and all of the records which tend to prove the actual cred-
its applicable on the judgment, as well as such of the pro-
ceedings in the case as would tend to enlighten the court in
reference thereto. With this in view, many of the files were
introduced at the trial, and rightly so. Though the record
is replete with suspicious circumstances, no evidence was
offered by either of the Hamakers. This brings the matters
under consideration within the rule stated in 27 C. J. 494,
as follows:

"Where the circumstances under which a transfer of

property by a debtor is made are suspicious, the failure of the parties to testify or produce available, explanatory, or rebutting evidence is a badge of fraud. The presumption is that if they could have truthfully testified to facts showing the *bona fides* of the conveyance that they would have done so. It is wholly immaterial that their failure or refusal to do so is based on the advice of counsel."

The only reasonable conclusion which can be reached from an examination of this record is that it discloses convincing proof that each and all of the conveyances challenged were made without consideration, and with the common intent and purpose on the part of the parties connected therewith of hindering, delaying and defrauding the creditors of appellant Henry D. Hamaker, and especially Lewis W. Shepard, appellee herein.

Other claimed errors assigned have each been examined and found to be without merit. The judgment of the trial court is, in all things,

AFFIRMED.